**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MICHIGAN- SOUTHERN DIVISION**

SUSAN RITUMS, an individual

HON.:
FILE NO.:

Plaintiff

v

RON GARRETT, an individual.

Defendant

| | |
|---|---|
| WILLIAM F. PIPER, PLC<br>William F. Piper (P38636)<br>Attorney for Plaintiff<br>9848 Portage Road<br>Portage, MI 49002<br>(269) 321-5008<br>(269) 321-5009 facsimile<br>wpiper@wpiperlaw.com<br>legal@wpiperlaw.com | |

## **COMPLAINT**

The plaintiff, by and through her attorney William F. Piper, PLC, for her complaint, states

as follows:

### **JURISDICTIONAL ALLEGATIONS**

1.     The plaintiff Susan Ritums is a resident of the County of Kalamazoo, State of Michigan, and she resided there at all times relevant to this complaint.

2.     The defendant Ron Garrett is, upon information and belief, a sergeant with the Kalamazoo County Sheriff's Department, and he was so at all times relevant to this complaint.

3.     The events occurred at or near 6060 Twilight Avenue in the Township of Comstock, County of Kalamazoo, State of Michigan, in the late evening hours of January 5, 2024, and

in the early morning hours of January 6, 2024.

4.    The events complained above were committed by the defendant under color of state law but not under a legitimate exercise of governmental authority.

5.    The jurisdiction of this court arises under 28 USC § 1331 and 28 USC § 1343.

6.    The claims in this case arise in part under 42 USC § 1983.

7.    Certain of the causes of action alleged herein arise under the supplemental jurisdiction of this court to hear and try state law claims arising out of the same transactions and occurrences as the federal law claims.

## COMMON ALLEGATIONS

8.    The plaintiff restates and realleges as though fully set forth herein paragraphs 1-7 of this complaint.

9.    Martin Ritums is essentially a career criminal who had multiple convictions of domestic violence against his own mother, who had lived at 6060 Twilight Avenue in Township of Comstock before she had passed away, and he had other criminal convictions.

10.    Martin Ritums is the brother of Susan Ritums.

11.    On January 1 2024, a personal protection order was served on Martin Ritums by another deputy of the Kalamazoo County Sheriff's Department, which the defendant knew or should have known about (**Exhibit 1**).

12.    On January 6, 2024, just after midnight, Ms. Ritums arrived at 6060 Twilight Avenue in the Township of Comstock intending to enter her home, which she had a right to be in as an heir of her mother, to gather some of her belongings or sleep there, depending on whether Martin Ritums would violently oppose it.

2

13. Mr. Ritums had stepped outside of the home, and he was talking with the defendants.

14. Mr. Ritums had called the police requesting unlawful assistance by it.

15. The defendant Ron Garrett, possibly because Mr. Ritums was a police informant, favored Mr. Ritums over Susan Ritums.

16. Instead of conducting a police stand-by, the defendant Garrett took Mr. Ritums' side and advised him to lock the door to the home and stay inside.

17. The defendant Garrett also told Ms. Ritums that she could not enter her home even though he knew or should have known that she had a right to be in it.

18. Ms. Ritums proceeded to walk towards her home.

19. The defendant Garrett grabbed Ms. Ritums, and then he threw Ms. Ritums against a truck, which caused Ms. Ritums pain.

20. The defendant Garrett then threw Ms. Ritums to the ground, which caused her pain to her shoulders, torso, legs and left knee.

21. The defendant Garrett than dropped one of his knees on Ms. Ritums' back, which caused her additional pain, and he handcuffed her.

22. The defendant Garrett both pulled Ms. Ritums arms behind her and pulled on her by the handcuffs without any reason to do so, and he also searched her body without probable cause to do so.

23. Ms. Ritums felt a lot of pain as the result of defendant's excessive force against her described above.

24. The defendant Garrett then, in the early morning of January 6, 2024, took Ms. Ritums to the Kalamazoo County jail, wherein she was lodged near men and sexually harassed

3

verbally by male inmates.

25. Ms. Ritums was also stripped searched.

26. The defendant Garrett thereafter requested and caused charges to be issued against Ms. Ritums of attempted resisting and obstructing a police officer.

27. The defendant Garrett requested the charge against Ms. Ritums without probable cause to do so.

28. The defendant, to cover up his actions, did not activate, or destroyed, his body mic video and audio, and it apparently no longer exists if it ever existed.

29. The court dismissed the charges against Ms. Ritums with prejudice on June 11, 2024.

30. As a result of the above incidents Ms. Ritums suffered and will continue to suffer a loss of income, a torn labrum in her right shoulder, pain in her body, pain and nerve damage in her left knee, bruising in her wrists, emotional distress, humiliation, embarrassment, a loss of enjoyment of life, a loss of enjoyment of her home and other damages.

**COUNT I – 42 USC §1983 – UNCONSTITUTIONAL SEARCH, SEIZURE, ARREST, EXCESSIVE FORCE AND MALICIOUS PROSECUTION IN VIOLATION OF THE FOURTH AMENDMENT.**

31. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-30 of this complaint.

32. The aforementioned acts of the defendant Garrett constitute an unconstitutional seizure, arrest, search, use of excessive force, and malicious prosecution in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States.

33. The defendant Garrett could not reasonably have believed that his actions described above were lawful or within the constitutional limits on the exercise of his authority under the

4

Fourth and Fourteenth Amendments of the Constitution of the United States.

34. The actions of the defendant described above violated the clearly established right of the plaintiff to be free from the unconstitutional conduct described above and are actionable under 42 U.S.C. §1983.

35. As a result of the unconstitutional conduct of the defendant Ms. Ritums suffered and will continue to suffer the damages set forth above.

**WHEREFORE**, the plaintiff requests a judgement against the defendant for whatever amount is sufficient to compensate her for her injuries and damages past and future plus punitive damages, all recoverable interest, costs, attorney's fees under 42 USC § 1988, and any other relief this court deems fair and just.

### COUNT II – FOURTH, FIFTH AND FOURTEENTH AMENDMENT VIOLATIONS

36. The plaintiff restates and realleges as though fully set forth herein paragraphs 1- 35 of this complaint.

37. The law is clearly established that a police officer cannot take sides in a civil property dispute between citizens.

38. The law is clearly established that if a police officer takes, or assist in taking, property from a citizen in a civil property dispute between citizens, or if he favors a non-property owner over a property owner to deprive the property owner of property, he violates the clearly established constitutional rights of the citizen deprived of her lawfully owned property.

39. More specifically, if an officer does what is described in paragraph 38 above, he violates the civil rights of a citizen against an unconstitutional deprivation of her property, forbidden by the Fourth Amendment of the Constitution of the United States, and the civil

5

rights of a citizen against an unconstitutional deprivation of her property without notice and an opportunity to be heard, forbidden by the Fifth and Fourteenth Amendments to the Constitution of the Untied States.

40. The defendant Officer Garrett could not reasonably have believed that his conduct was within the constitutional limitations on the exercise of his authority under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

41. By acting as he did describe above the defendant Officer Garrett violated Ms. Ritums' rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States by depriving her of her access to her home and her home.

42. As a result of violations of her the constitutional rights set forth above, which are actionable under 42 U.S.C. §1983, the plaintiff has suffered and will continue to suffer the damages set forth above.

**WHEREFORE**, the plaintiff requests a judgement against the defendant for whatever amount is sufficient to compensate her for her injuries and damages past and future plus punitive damages, all recoverable interest, costs, attorney's fees under 42 USC § 1988, and any other relief this court deems fair and just.

## COUNT III – INTENTIONAL TORTS

43.. The plaintiff restates and realleges as though fully set forth herein paragraphs 1- 42 of this complaint.

44. The acts of the defendant set forth above constitutes an assault and battery, a false arrest, a false imprisonment, and a conversion.

45. As a result of the intentional torts set forth above, the plaintiff has suffered and will continue to suffer the damages set forth above.

**WHEREFORE**, the plaintiffs request a judgement against the defendant for whatever amount is sufficient to compensate her for her injuries and damages past and future plus all recoverable interest, costs, attorney's fees, and any other relief this court deems fair and just.

Date: January 5, 2026

WILLIAM F. PIPER, PLC


By:       /s/ *William F. Piper*
          William F. Piper (P38636)
          Attorney for Plaintiff